IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| JAMAL KHAN, | * | |
| Appellant, | * | |
| v. | * | Civil Action No. PX 16-3121 |
| CITIBANK, | * | |
| Appellee. | * | |
|  | ****** | |

**MEMORANDUM OPINION**

Pending in this bankruptcy appeal is Appellant Jamal Khan's motion requesting additional time to file his brief, (ECF No. 10), and Appellee Citibank's motion to dismiss the appeal based on Appellant's failure to file his brief, (ECF No. 11). For the foregoing reasons, Appellant's motion is denied as moot and Appellee's motion is denied.

**I.  BACKGROUND**

On September 9, 2016, Appellant Jamal Kahn, appearing *pro se*, filed a Notice of Appeal in this Court, ECF No. 1, and filed an amended Notice of Appeal on September 12, 2016. ECF No. 2. The Designation of Record was docketed on September 30, 2016 (ECF No. 5), making Appellant's brief due on October 31, 2016 pursuant to Federal Rule of Bankruptcy 8018(a)(1).

On November 2, 2016, Appellant filed a motion requesting additional time to file his brief. ECF No. 8. The Court granted his motion on November 4, 2016, allowing Appellant to file his brief on or before November 15, 2016. ECF No. 9. On November 14, 2016, Appellant filed another motion requesting additional time to file his brief, stating that the brief would be filed not later than December 15. ECF No. 10. He explained that he was unable to complete his brief on time because he had recently been evicted and was homeless. *Id.* On December 30, 2016,

Appellee filed a motion to dismiss the appeal pursuant to Rule 8018(a)(4) for Appellant's failure to file his initial brief. ECF No. 11. Appellant then submitted a brief on January 27, 2017. ECF No. 16.

## II.     ANALYSIS

When deciding whether to dismiss an appeal as untimely filed in violation of Fed. R. Bankr. P. 8018, the Court must consider: "(1) whether there has been bad faith or negligence on the part of the appellant; (2) whether appellant had 'notice or an opportunity to explain the delay'; (3) 'whether the delay had any possible prejudicial effect on the other parties'; and (4) the 'impact of the sanction and available alternatives.'" *Zewdie v. PNC Bank, N.A.*, PJM-15-2167, 2016 WL 640804, at *1 (D. Md. Feb. 18, 2016) (quoting *In re SPR Corp.*, 45 F.3d 70, 72 (4th Cir. 1995)); *see In re Silver Spring Family Med. Ctr., LLC*, TDC-15-8334, 2016 WL 827387, at *3 (D. Md. Mar. 3, 2016) ("When deciding whether to dismiss an appeal for an untimely, non-jurisdictional filing, the court considers whether (1) the appellant acted in bad faith or negligently; (2) the appellant had an opportunity to explain the delay; (3) the delay prejudiced the appellee; and (4) sanctions short of dismissal would be appropriate.").

In applying this test, the court must "consider and balance all relevant factors," and "bear in mind that, although dismissal is an option, less drastic alternatives must be considered," because dismissal "is a harsh sanction which . . . must not [be] impose[d] lightly." *In re SPR Corp.*, 45 F.3d 70, 73–74 (4th Cir. 1995) (quoting *In re Serra Builders, Inc.*, 970 F.2d 1309, 1311 (4th Cir. 1992)).

Here, the Court finds dismissal inappropriate because Appellant has since filed his brief. Additionally, Appellee has not claimed that any prejudice resulting from Appellant's late filing. Therefore, Appellee's motion to dismiss (ECF No. 11) is denied and Appellant's request for

additional time (ECF No. 10) is denied as moot. Appellee shall serve and file its brief within thirty (30) days of this Memorandum Opinion and Order. A separate Order will follow.

| | |
|---|---|
| 2/21/2017 | /S/ |
| Date | Paula Xinis<br>United States District Judge |